STERN & CO., INC. OF RHODE ISLAND *vs.* THE J. P. BRADY COMPANY.

JUNE 29, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is an action in assumpsit on book ac-
count and on the common counts for a balance alleged to
be due for merchandise sold by the plaintiff to the defend-
ant and appearing in an open account on the plaintiff's
books. The defendant filed first a plea of the general issue
and secondly a plea in set-off. The case was tried in the
superior court before a jury, and at the conclusion of the
evidence for the plaintiff the trial justice granted the de-
fendant's motion for a nonsuit. The case is here on the
plaintiff's single exception to such decision.

The plaintiff at the time of this action was a Rhode Island
corporation and a distributor of television sets. The defend-
ant named in the writ and declaration is "The J. P. Brady
Company, a Rhode Island Corporation." The only witness
for plaintiff was its credit manager, who had approved the
credit of defendant, had set up the account in plaintiff's
books of account, and had the custody and keeping of them.
His testimony was to the effect that plaintiff had previous
business dealings with Park Square Sales Company, a cor-
poration in the town of North Smithfield, with which it had
a separate account; that he had investigated the references
and approved the credit of that company; that later in the
course of his work as credit manager he received an order
on which was written an unsigned notation indicating to
him that the references on the Park Square Sales Company
account could be used also in connection with the new pro-
posed account with defendant; and that from such notation
he also inferred that defendant was the parent company of
Park Square Sales Company.

However, he had no personal knowledge of the sale or

the parties thereto, and the order was not signed by any salesman or official of the defendant company. Nor could he actually identify the handwriting in the unsigned notation as that of any particular salesman. No reference appears in such order, account, or in plaintiff's books to the effect that it was the account of the defendant company or corporation, or that it was related to the parent company of the Park Square Sales corporation.

He attempted, over objection, to testify that his approval of credit here was based on contents of the order slip which indicated to him, because of the same references, that the two concerns were related. However, he could point out nothing on the order which would reasonably justify such a conclusion. Moreover when pressed for a reason why, if he had made such a conclusion from the notation, he had instituted the account separately in the books in the name of J. P. Brady individually, he was unable to give any reason or to explain the difference. Furthermore he was unable to testify from personal knowledge whether the same salesman had done business with Park Square Sales Company and the defendant, or with J. P. Brady individually rather than The J. P. Brady Company, or whether the two companies were actually parent and subsidiary corporations.

The plaintiff, in opposing the motion for a nonsuit, argues that on such motion the trial justice is obliged to view the evidence and reasonable inferences therefrom most favorably to plaintiff, and that here the trial justice erred in not applying that law to the evidence. It is further argued that any testimony bearing upon the identity of the account in the books involves an issue of credibility and of fact rather than a question of law. Finally he contends that defendant's plea in set-off was tantamount to a plea of confession and avoidance, and therefore that such admission supplied the necessary identifying link between the defendant company and the book account on which the action was based.

We are unable to agree with any of these contentions.

The law to be applied on a motion for a nonsuit is correctly stated by plaintiff. *Nolan* v. *Kechijian,* 75 R. I. 165; *Walling* v. *Jenks,* 62 R. I. 424. Nevertheless there must be at least prima facie probative evidence which reasonably supports the allegations. In the instant case the only reasonable conclusion to be drawn from all the evidence is that the credit manager had no personal knowledge whatever of the actual sale, the identity of the salesman or the purchaser, or of any fact which reasonably could give him the right to assume or infer, as he attempted to state, that the sale had been made and credit given to the defendant company. The account itself in writing, which he set up in the books, contradicts the reasoning and statements which he gave in testimony. The latter was merely his own conclusion unsupported by any fact in evidence or reasonable inference therefrom. And notwithstanding his attempt to relate the transaction and credit to the defendant named in the writ and declaration, he was wholly unable to explain away the undeniable fact that the account was set up by him in the name of J. P. Brady individually and not of the company.

Further, in the absence of any explanation of the facts by the salesman himself or some other witness or official with knowledge of the transaction, the trial justice was justified in finding that there was no evidence to support the claim under either the count in book account or the common counts, and that on this record, there being only one reasonable conclusion from the evidence, the question was one of law for the trial justice to determine.

The plaintiff finally argues that by filing the plea in set-off defendant actually confesses that the account was properly against the company, and in support thereof he cites a general statement from 80 C.J.S., Set-Off and Counterclaim, §60 b, p. 117, and three old cases from certain other jurisdictions to indicate in a general way that a plea in set-off may be the equivalent of a confession and avoidance.

250

It appears in most of those cases that the courts were not dealing with the effect of a plea in set-off where there was another prior plea of the general issue. Moreover, whatever may be the law elsewhere it is clear in this jurisdiction that under the express terms of general laws 1938, chapter 521, entitled "Set-Off And Cross Demands," a defendant may plead the general issue first, and may file with it a plea in set-off; that such a special plea in set-off is not provable under the general issue, *Arava* v. *Bebe,* 48 R. I. 478; and that a plea in set-off is not in all respects a plea of confession and avoidance but in effect is the equivalent of a cross action. *Banigan* v. *Woonsocket Rubber Co.,* 21 R. I. 171.

In the instant case, therefore, before we come to a consideration of the effect of the special plea in set-off on which the defendant would have the burden of proof, we must find some probative evidence of a prima facie case in support of the plaintiff's allegations as applied to the plea of the general issue. If there is only one reasonable conclusion from such evidence, considered most favorably to the plaintiff, the issue is a question of law on that plea. Therefore by also filing under the statute a plea in set-off, the defendant did not waive the benefit of his plea of the general issue. Nor did he thereby waive the failure of plaintiff to establish by evidence the allegations of his writ and declaration against this defendant. As the record stands, unexplained by the book entries, the salesman or other competent witness, there was a variance between the allegations and the proof.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the nonsuit.

*Temkin & Temkin, Alfred M. Silverstein,* for plaintiff.

*Fergus J. McOsker,* for defendant.